GEOFFREY S. BERMAN
United States Attorney for
the Southern District of New York
By: Elinor Tarlow
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-1036

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
UNITED STATES OF AMERICA              :   VERIFIED COMPLAINT FOR
                                          FORFEITURE
         v.                           :
                                          19 Civ. 6892
$409,805 IN UNITED STATES CURRENCY;   :
                                          ECF case
                  Defendant-in-rem.   :

------------------------------------- x

Plaintiff United States of America, by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

## I.    JURISDICTION AND VENUE

1.    This is a civil action in rem commenced by the United States of America seeking the forfeiture of $409,805 in United States currency (the "Defendant Currency") seized on March 1, 2019.  The Defendant Currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6), as moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance and all proceeds traceable to such an exchange, or intended to be used to facilitate any violation of Subchapter 1, Chapter 13 of Title 21 of the United States Code.

2.      The Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355.

3.      Venue is proper under Title 28, United States Code, Sections 1355(b) and 1395, because acts and omission giving rise to the forfeiture took place in the Southern District of New York and the Defendant Currency was seized in the Southern District of New York.

4.      The Defendant Currency is presently in the custody of the United States Marshals Service.

## II.     PROBABLE CAUSE FOR FORFEITURE

5.      This forfeiture action arises out of events that unfolded on March 1, 2019. On that date, at approximately 7:30 a.m., an individual, later identified as Max Hartman ("Hartman"), was going through airport screening at the White Plains airport to board a private jet operated by a private carrier (the "Private Jet Carrier"). Hartman carried a large black weighted duffel bag (the "Black Duffel Bag") and a grey Herschel Supply company backpack (the "Grey Backpack") (together, the "Luggage"). While he was attempting to pass through screening to board the jet, Hartman's and the other boarding passengers' luggage was spread into two rows and exposed to a trained canine named Bo,[1] who was under the control of a narcotics detection canine handler employed by a private security agency and contracted by the Private Jet Carrier for exterior inspection and review. Bo positively alerted to Hartman's Luggage, indicating the presence of controlled substances.

---

[1] Bo completed narcotics detection training in the Tactical Detection K9 school in Louisville, Kentucky in 2013, and is trained and tested monthly to ensure accuracy. Bo was trained to detect the odors of marijuana, cocaine, heroin, MDMA, methamphetamines and currency with controlled substance residue. Bo has received numerous hours of training and is utilized regularly for the purpose of detecting narcotic odors. Bo is routinely used to conduct searches of residences, packages and suitcases. Bo has successfully given positive indications of narcotics in the field in the past and generally has proven reliable in the field.

6. Following Bo's positive alert, an employee of the Private Jet Carrier requested that Hartman open the Luggage for inspection; Hartman refused and walked away from the flight.

7. Hartman departed the airport in a black Toyota Uber, New York license plate number HAV3345 (the "Uber"), and law enforcement officers initiated mobile surveillance on the Uber and Hartman.

8. At approximately 8:00 a.m., surveilling law enforcement officers observed Hartman exit the Uber and walk into the White Plains Metro North train station. At this time, law enforcement officers stopped Hartman and conducted a field interview.

9. During the field interview, Hartman appeared extremely nervous. Hartman was visibly shaking and stuttered while repeating the same answers to various questions. Hartman refused to provide identification when asked to do so. During the Field Interview, Hartman identified the Luggage as his own.

10. Hartman was placed into custody and transported to the New York State Police Barracks located at 200 Bradhurst Avenue, Hawthorne New, York. At the Police Barracks, another narcotics canine named Dunn[2] alerted positively to Hartman's Black Duffel Bag and Grey Backpack, indicating the presence of controlled substances.

11. Pursuant to a search warrant signed by United States Magistrate Judge Paul E. Davison, law enforcement officers searched the Luggage. A large amount of United

---

[2] Dunn is a certified narcotics detection canine. Dunn completed certification with the New York State Police and New York State Police crime lab in September 2018, and is trained to detect the the odors of cocaine, heroin, LSD, MDMA, and methamphetamines. Dunn has received thousands of hours of training and is utilized regularly for the purpose of detecting narcotics odors. Dunn is also routinely used to conduct searches of automobiles, residences, packages and suitcases. Dunn has successfully given positive indications of narcotics in the field in the past and has generally proven reliable in the field.

States currency (the "Defendant Currency") was found inside the Black Duffel Bag. The Defendant Currency was packaged in a manner consistent with narcotics proceeds, in clear plastic vacuumed sealed packages of rubber banded stacks. The Defendant Currency, totaling $409,805, consisted of 303 one hundred-dollar bills; 597 fifty-dollar bills; 16,524 twenty-dollar bills; 1,322 ten-dollar bills; 1,108 five-dollar bills; and 415 one-dollar bills.

12. While in custody, Hartman told law enforcement officers present that he was not employed.

13. Previously, on or about November 30, 2018, Hartman was stopped at Union Station in Chicago, Illinois while traveling by Amtrak on a one-way ticket from New York, New York to Los Angeles, California. At the time, a narcotics canine also alerted positively on Hartman's luggage, leading law enforcement to obtain a seizure warrant for said luggage. Upon execution, law enforcement officers seized $884,630 in United States currency. A civil forfeiture proceeding against that seized currency is pending. *See United States v. Funds in the Amount of $884,630 in United States currency*, 19-CV-03215 (SJC) (N.D. Ill. May 13, 2019).

### III.   CLAIM FOR FORFEITURE

14. Incorporated herein are the allegations contained in paragraphs one through Thirteen of this Complaint.

15. Pursuant to Title 21, United States Code, Section 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such proceeds.

16.     The Defendant Currency is therefore subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) because it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Currency and that all persons having an interest in the Defendant Currency be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant Currency to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated:  New York, New York
        July 24, 2019

                                GEOFFREY S. BERMAN
                                United States Attorney for the
                                Southern District of New York
                                Attorney for the Plaintiff
                                United States of America

                        By:     _____
                                Elinor Tarlow
                                Assistant United States Attorney
                                One St. Andrew's Plaza
                                New York, New York 10007
                                Tel No. (212) 637-1036

## VERIFICATION

STATE OF NEW YORK              )
COUNTY OF NEW YORK             :
SOUTHERN DISTRICT OF NEW YORK  )

CHRISTOPHER MANZI, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration ("DEA") and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his own knowledge, information and belief.

The sources of deponent's information and the ground of his belief are conversations with other law enforcement officers and others, official records and files of the DEA and the United States Government, and information obtained directly or indirectly by deponent during an investigation of alleged violations of Title 21 of the United States Code.

_____
CHRISTOPHER MANZI
Special Agent
Drug Enforcement Administration

Sworn to before me this
24th day of July, 2019

_____
NOTARY PUBLIC

KEVIN C. GORMAN
Notary Public, State of New York
No. 02GO6161201
Qualified in Putnam County
Commission Expires February 20, 2023